In the Matter of SY L. ROLNICK (Admitted as SY LEWIS ROLNICK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 16, 1991

**APPEARANCES OF COUNSEL**

*Robert H. Straus* for petitioner.

*Schlussel & Einstein (Stephen Einstein* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent was charged with six allegations of professional misconduct. The Special Referee sustained all six charges. The petitioner moved to confirm the report of the Special Referee and the respondent cross-moved to reject the report and to sustain only charges Three through Six.

Charge One alleges that the respondent converted funds belonging to clients. On or about October 23, 1985, the respondent was entrusted with $15,000, to be used for reimbursement of legal fees paid by his clients, members of a tenant association. The respondent claimed that $5,000 of that sum was owed to him to cover his disbursements. On November 2, 1985, the respondent deposited $10,000 of that $15,000 into a savings account at the Cross Land Savings Bank, and $5,000 of that $15,000 into a separate savings account at the same bank. Both accounts were entitled "Sy L. Rolnick". The respondent then withdrew the $10,000 plus interest and deposited that sum into a certificate of deposit at American Savings Bank under the name "Sy L. Rolnick". Thereafter, the respondent withdrew the money in the certificate of deposit and placed it in an escrow account at Manufacturers Hanover on December 12, 1986. As of January 2, 1987, the respondent was obligated, as escrow agent, to be holding that $10,000 in escrow. However, on that day, the funds on deposit in that escrow account totaled only $5,945.52. Thereafter, on or about January 6, 1987, the account was overdrawn.

Charge Two alleges that the respondent breached a fiduciary duty owed to a client in that he failed to deposit his client's funds into a special account, separate from his personal account.

Charge Three alleges that the respondent made deliberately false and misleading statements to the petitioner Grievance Committee. In a letter dated July 11, 1986, to the Grievance Committee, the respondent acknowledged receipt of the $15,000 check from the sponsor for the reimbursement of legal fees to his clients. However, he falsely stated: "As has been my practice * * * the check is held in an escrow account until the end of my representation of the building". He also falsely

stated that "the money is held in a special non-interest bearing account and remains there until distribution". In a letter dated October 3, 1986, the respondent told the Grievance Committee, *inter alia,* that the $15,000 had been deposited into his escrow account upon its receipt. Also, in a letter dated March 25, 1987, the respondent again falsely stated that the moneys in dispute "remain in a separate bank account".

Charge Four alleges that the respondent gave false and misleading testimony to the Grievance Committee regarding his handling of the $15,000. On December 16, 1986, the respondent falsely testified that he had held the moneys for "a couple of days" and had then deposited them into his escrow account. He also falsely testified that he had deposited the entire amount into an account at Manufacturers Hanover on April 18, 1986, where it had remained.

Charge Five alleges that the respondent submitted altered and misleading bank records to the Grievance Committee during the course of its investigation. For example, the respondent, having been requested to provide copies of his bank statements for his special account, submitted statements from which account numbers and transaction activity had been deleted.

Charge Six alleges that, prior to March 1987, the respondent failed to maintain a ledger book or similar records for his escrow accounts as he was required to do pursuant to 22 NYCRR 691.12 and former DR 9-102 (B) (3) of the Code of Professional Responsibility.

The Special Referee sustained all six charges of professional misconduct.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining all six charges. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted, that branch of the respondent's cross motion which is to sustain charges three through six is granted, and that branch of the cross motion which is to reject the report is denied.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that branch of the respondent's cross motion which is to sustain charges three through six is granted and that branch of the cross motion which is to reject the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Sy L. Rolnick is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Sy L. Rolnick is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.